THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| TAWNIE EGGLESTON,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>STATE OF UTAH,<br><br>　　　　　　　Respondent. | **MEMORANDUM DECISION<br>& DISMISSAL ORDER**<br><br>Case No. 1:23-cv-00075 DBB<br><br>District Judge David Barlow |

## BACKGROUND

On June 23, 2023, Petitioner filed a federal habeas-corpus petition, 28 U.S.C.S. § 2254 (2024). (ECF No. 1.) On June 24, 2024, Respondent filed a motion to dismiss. (ECF No. 6.) When Petitioner did not respond as required, on July 30, 2024, the Court ordered Petitioner to within thirty days show cause why this action should not be dismissed. (ECF Nos. 2, 7.) Petitioner has not complied. Petitioner was last heard from in this case more than fifteen months ago, on the day the petition was filed. (ECF No. 1.) And the last two items mailed to Petitioner by the Court were returned to sender. (ECF Nos. 8–9.)

## ANALYSIS

Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the [petitioner] fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). This Court may dismiss actions *sua sponte* for failure to prosecute. *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the [respondent] file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions

*sua sponte* for a [petitioner's] failure to prosecute or comply with . . . court orders."); s*ee also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (stating court has inherent authority to clear "calendar[] of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988) ("Dismissal for failure to prosecute is a recognized standard operating procedure in order to clear the deadwood from the courts' calendars where there has been prolonged and unexcused delay.").

In determining whether to dismiss this action, the Court applies the factors from *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992)--i.e., "(1) the degree of actual prejudice to [Respondent]"; (2) "the amount of interference with the judicial process"; (3) the litigant's culpability; (4) whether the noncomplying litigant was warned that dismissal was a likely sanction; and (5) "the efficacy of lesser sanctions." *Id*. at 921 (internal quotation marks omitted); *see also Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009) (applying *Ehrenhaus* factors in habeas case). Dismissal with prejudice is appropriate only when these factors overshadow the judicial system's strong preference to decide cases on the merits. *DeBardeleben v. Quinlan*, 937 F.2d 502, 504 (10th Cir. 1991). The *Ehrenhaus* factors are not "a rigid test; rather, they represent criteria for the district court to consider [before] imposing dismissal as a sanction." *Ehrenhaus*, 965 F.2d at 921; *see also Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011) ("The *Ehrenhaus* factors are simply a non-exclusive list of sometimes-helpful 'criteria' or guide posts the district court may wish to 'consider' in the exercise of what must always be a discretionary function."); *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) (describing *Ehrenhaus* factors as "not exhaustive, nor . . . equiponderant"); *Archibeque v. Atchison, Topeka*

*& Santa Fe Ry. Co.,* 70 F.3d 1172, 1174 (10th Cir. 1995) ("[D]etermining the correct sanction is a fact specific inquiry that the district court is in the best position to make.").

**Factor 1: Degree of actual prejudice to Respondent**. Prejudice may be inferred from delay, uncertainty, and rising attorney's fees. *Faircloth v. Hickenlooper*, No. 18-1212, 2018 U.S. App. LEXIS 36450, at *5 (10th Cir. Dec. 26, 2018) (unpublished); *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993); *see also Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 860 (10th Cir. 2018) (concluding substantial prejudice when plaintiff "sparked months of litigation" and defendants "wasted eight months of litigation"); *Riviera Drilling & Exploration Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 93 (10th Cir. 2011) (unpublished) (approving district court's observation that "delay would 'prolong for the defendants the substantial uncertainty faced by all parties pending litigation'") (citation omitted).

Reviewing the docket here, the Court concludes that Petitioner's neglect prejudices Respondent, who has spent time defending this lawsuit. Respondent's fourteen-page Motion to Dismiss thoroughly recites the facts and law, analyzes the issues, and provides three relevant exhibits in support. (ECF No. 6.) The Motion to Dismiss obviously took Respondent time and resources.

Including preparing its responsive pleading and exhibits, Respondent has wasted nearly five months of litigation. To let the case proceed, when Petitioner has not met Petitioner's duty, may make Respondent spend more unnecessary time and money to defend a case that Petitioner seems to have no interest in pursuing. This factor weighs toward dismissal. *See Kalkhorst v. Medtronic, Inc.*, No. 18-cv-580-KLM, 2018 U.S. Dist. LEXIS 215598, at *8 (D. Colo. Dec. 19, 2018); *see also Tolefree v. Amerigroup Kan., Inc.*, No. 18-2032-CM-TJJ, 2018 U.S. Dist. LEXIS

195448, at *5 (D. Kan. Nov. 15, 2018) ("Defendants have had plaintiff's allegations pending in an open court case for nearly ten months, with no end in sight. Plaintiff, on the other hand, has shown little interest in pursuing her claims or following court orders."); *Oliver v. Wiley*, No. 09-cv-441-PAB, 2010 U.S. Dist. LEXIS 92836, at *5 (D. Colo. Aug. 18, 2010) ("Applicant's failure to provide the Court with a current address . . . and failure to keep abreast of his case has prejudiced Respondent, who was forced to answer an Application that Applicant appears to have no intention of pursuing. While arguably this prejudice is not ongoing, this factor weighs slightly in favor of dismissal.").

**Factor 2: Amount of interference with judicial process**. In *Jones*, the Tenth Circuit concluded that the plaintiff had significantly interfered with the judicial process when he did not answer a show-cause order or join a telephone conference. *Jones*, 996 F.2d at 265. Though Jones later argued that the district court could have abated the suit and revisited the status in three to six months, the court noted that abeyance would have delayed the proceedings for the other parties and the court. *Id*. The court said, "In similar circumstances, we have held that a district court could find interference with the judicial process when the plaintiff 'repeatedly ignore[s] court orders and thereby hinder[s] the court's management of its docket and its efforts to avoid unnecessary burdens on the court and the opposing party.'" *Id*. (citation omitted).

Meanwhile, in *Villecco*, the Tenth Circuit concluded that the plaintiff had "caused great interference with the judicial process by failing to provide the court with a current mailing address or an address that he regularly checked; respond to discovery requests; appear at his deposition; list any fact witnesses or otherwise comply with the court's Initial Pretrial Order, or respond to the Defendants' Motion to Dismiss." *Villeco v. Vail Resorts, Inc.*, 707 F. App'x 531,

533 (10th Cir. 2017); *see also Banks v. Katzenmeyer*, 680 F. App'x 721, 724 (10th Cir. 2017) (unpublished) ("[H]e did not (1) respond to the order to show cause or (2) notify the court of his change of address as required by the local rules, even though his past actions show he was aware of the requirement."); *Taylor v. Safeway, Inc.*, 116 F. App'x 976, 977 (10th Cir. 2004) (dismissing under *Ehrenhaus* when "judicial process essentially ground to a halt when [Plaintiff] refused to respond to either the defendant[s' filings] or the district court's orders"); *Killen v. Reed & Carnick*, No. 95-4196, 1997 U.S. App. LEXIS 430, at *4 (10th Cir. Jan. 9, 1997) (unpublished) ("Plaintiff's willful failure to comply with [court] orders flouted the court's authority and interfered with the judicial process." (Internal quotation marks & citation omitted.)). "[F]ailure to respond to court orders cannot be ignored." *Davis*, 571 F.3d at 1062.

Likewise here, this Court concludes Petitioner's failure to prosecute this case--i.e., not responding to the Respondent's Motion to Dismiss and the Court's Order to Show Cause, not contacting the Court since June 23, 2023, and not updating Petitioner's address--necessarily interferes with effective administration of justice. (ECF Nos. 6-9.) The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors,* 351 F.3d 1324, 1326–27 (10th Cir. 2003); *Oliver*, 2010 U.S. Dist. LEXIS 92836, at *6 (holding petitioner's noncompliance with rules and order to show cause shows lack of respect for court, respondent, and judicial process, and concluding, if petitioner's case were not dismissed, court's merits review of petition would unnecessarily increase court's workload and interfere with justice administration). Petitioner's failure to comply with court orders disrespects the judicial process. Petitioner's neglect has caused all involved to spend unnecessary time and effort. The Court's review of the docket and preparation of orders to move this case along diverted some of its attention from other matters

with parties who have met their obligations and deserve prompt resolution of their issues. "This order is a perfect example, demonstrating the substantial time and expense required to perform the legal research, analysis, and writing to craft this document." *Lynn v. Roberts*, No. 01-cv-3422-MLB, 2006 U.S. Dist. LEXIS 72562, at *7 (D. Kan. Oct. 4, 2006).

This factor weighs toward dismissal. *See Kalkhorst,* 2018 U.S. Dist. LEXIS 215598, at *8–9; *see also Estate of Strong v. City of Northglen*, No. 1:17-cv-1276-WJM-SKC, 2018 U.S. – Dist. LEXIS 211095, at *10 (D. Colo. Dec. 14, 2018) (report & recommendation) ("It is hard to fathom how failing to respond to orders of the federal district court would *not* interfere with the judicial process." (Emphasis in original.)).

**Factor 3: Litigant's culpability**. Evidence of culpability may be drawn from Petitioner's failures to file responses to the Motion to Dismiss and Order to Show Cause, (ECF Nos. 6–7), and update her address, and the passage of time. *See Villecco,* 707 F. App'x at 534 (10th Cir. 2017); *see also Faircloth*, 2018 U.S. App. 36450, at *6 (finding culpability when plaintiff "had been solely responsible for his failure to update his address, to respond to the show-cause order"); *Stanko v. Davis*, 335 F. App'x 744, 747 (10th Cir. 2009) (unpublished) ("For at least seven months, Stanko failed to follow this order. The district court ordered Stanko to show cause for this failure. Stanko made no effort to explain his failure regarding those seven months."); *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1265 (10th Cir. 1999) (holding plaintiff responsible for inability to receive court filings based on not notifying court of correct address).

Earlier here, Petitioner showed ability to initiate this litigation. (ECF No. 1.) Still, more than fifteen months have now passed since Petitioner's last filing--with no further word at all. And Petitioner has not responded to the Motion to Dismiss, (ECF No. 6), or July's Order to

Show Cause, (ECF No. 7), as required. *See Banks*, 680 F. App'x at 724; *see also Oliver*, 2010 U.S. Dist. LEXIS 92836, at *6–7 ("Applicant has, without any reasonable excuse, ignored [his duty to update his address]. Applicant has also failed to show cause why this case should not be dismissed or provide any justification for his failure to prosecute his case. Although Applicant's pleadings are construed liberally because he is proceeding pro se, he is not excused from his obligations to follow the same rules of procedure that govern other litigants. Therefore, the Court concludes that Applicant is culpable for his failure to follow the Local Rules and failure to litigate his case." (Citation omitted.)).

This factor weighs in favor of dismissal.

**Factor 4: Whether court warned noncomplying litigant that dismissal was likely sanction**. In *Faircloth*, the court twice warned the plaintiff that failure to comply could result in dismissal. *Faircloth*, 2018 U.S. App. 36450, at *7. On appeal, when the plaintiff argued he did not get these warnings, the Tenth Circuit stated, "But he could have received the warnings had he complied with the local rule requiring him to update his address. Because he did not, the court's only option was to mail documents to him at his last known address. These mailings constituted effective service [under Fed. R. Civ. P. 5(b)(2)(C)]." *Id*; *see also O'Neil v. Burton Grp.*, 559 F. App'x 719, 722 (10th Cir. 2014) (unpublished) (supporting dismissal with prejudice for failure to appear especially after litigant had been warned repeatedly of consequences).

Here, the Court stated in its July 30, 2024 order, "Petitioner has thirty days in which to **SHOW CAUSE** why this petition should not be dismissed for Petitioner's failure to file the required reply to Respondent's Motion to Dismiss and to prosecute this action." (ECF No. 7

(emphasis in original).) Another order in this action contained similar language. (ECF No. 2.) There can be no mistaking the Court's intentions.

**Factor 5: Efficacy of lesser sanctions**. Also in *Faircloth*, the district court had decided that no lesser sanction than dismissal could be effective when "[t]he court had been unable to receive a response from Mr. Faircloth and had no way of learning where Mr. Faircloth was or when he would disclose his new address." *Faircloth*, 2018 U.S. App. 36450, at *7–8. Due to this uncertainty, "the court reasonably concluded that dismissal was necessary." *Id*.

Another case upheld dismissal when, "given [plaintiff's] failure to communicate, to respond to any notices or the Motion to Dismiss, or to comply with any deadlines, the [district] court found no lesser sanction than dismissal would be effective." *Villecco,* 707 F. App'x at 533. The court noted, "A lesser sanction would be ineffective because a stay would not have a 'real impact on [Plaintiff] in encouraging responsiveness.'" *Id*. at 535; *see also O'Neil v. Burton Grp*., 559 F. App'x 719, 722 (10th Cir. 2014) (unpublished) ("[S]imply because lesser sanctions were available does not mean that the court was obligated to apply them.").

In yet another appeal, the Tenth Circuit stated that, though "dismissal should be imposed only after careful exercise of judicial discretion," it

> is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules. . . . Dismissal of the [case] is a strong sanction to be sure, but it is no trifling matter for [a party] to abuse our office by disappearing and failing to meet our deadlines. The federal courts are not a playground for the petulant or absent-minded; our rules and orders exist, in part, to ensure that the administration of justice occurs in a manner that most efficiently utilizes limited judicial resources.

*United States ex rel. Jimenez v. Health Net, Inc*., 400 F.3d 853, 855, 856 (10th Cir. 2005).

It is true that, for a *pro se* party, "the court should carefully assess whether it might . . . impose some sanction other than dismissal, so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *Ehrenhaus*, 965 F.2d at 920 n.3; *see also Callahan v. Commun. Graphics, Inc.*, 657 F. App'x 739, 743 (10th Cir. 2016) (unpublished) ("'The Court has been beyond lenient with Plaintiff throughout these proceedings based on his *pro se* status.'") (Citation omitted.)). On the other hand, "[m]onetary sanctions are meaningless to a plaintiff who has been allowed to proceed *in forma pauperis*." *Smith v. McKune*, 345 F. App'x 317, 320 (10th Cir. 2009) (unpublished); *cf. Riviera Drilling & Exploration Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 93 (10th Cir. 2011) (unpublished) ("Because Riviera had filed for bankruptcy, a financial sanction was out of the question.").

Again, dismissal is a drastic sanction, but the Tenth Circuit has "repeatedly upheld dismissals in situations where the parties themselves neglected their cases or refused to obey court orders." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Dismissal is warranted when there is a persistent failure to prosecute the complaint. *See Meade v. Grubbs,* 841 F.2d 1512, 1518 n.6, 1521–22 (10th Cir. 1988).

Applying these principles, the Court concludes that no sanction less than dismissal would be effective. First, though Petitioner is *pro se*, Petitioner is not excused of neglect. *See Green,* 969 F.2d at 917. Second, Petitioner has ignored this case long enough that it is doubtful monetary or evidentiary sanctions would be effective (even if such sanctions could be motivating for an indigent, *pro se* prisoner). Indeed, there is no way to even know whether Petitioner is aware of orders at this point. "It is apparent that Plaintiff is no longer interested in and/or capable of prosecuting his claims. Under these circumstances, no lesser sanction is warranted and

dismissal is the appropriate result." *Kalkhorst,* 2018 U.S. Dist. LEXIS 215598, at *12–13; *see also Oliver*, 2010 U.S. Dist. LEXIS 92836, at *7–8 ("[B]ased upon Applicant's unknown location, the Court doubts that a monetary sanction would be practical or effective. Further, Applicant's conduct impacts both the judicial system and Respondent jointly, and considering that Applicant has essentially neglected his case, the Court finds that no lesser sanction would be effective."). Nevertheless, because the Court is not certain whether Petitioner is aware of the Court's most recent orders, the Court concludes that dismissal without prejudice is most appropriate.

## CONCLUSION

Having comprehensively analyzed the *Ehrenhaus* factors against the timeline and Petitioner's lack of responsiveness, the Court concludes that dismissal is appropriate.

**IT IS THEREFORE ORDERED** that:

**(1)** The petition is **DISMISSED** without prejudice.

**(2)** A certificate of appealability is **DENIED**.

DATED this 31st day of October, 2024.

BY THE COURT:

_____
JUDGE DAVID BARLOW
United States District Court